UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NAQUONE TAYLOR,

                Plaintiff,                        **REPORT AND RECOMMENDATION**

           - against -                           15 CV 5863 (ENV) (CLP)

VERA CRUZ ON BEDFORD AVE. CORP.
and KJM WEST 138 REALTY CORP.,

                Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On October 12, 2015, plaintiff Naquone Taylor filed this action against defendants Vera Cruz On Bedford Ave. Corp. ("Vera Cruz") and Kjm West 138 Realty Corp. ("KJM"), alleging discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The summons was served on defendant Vera Cruz on October 27, 2015, and on defendant KJM on November 12, 2015. After both defendants failed to answer or otherwise respond to the Complaint, a default was entered against both defendants on March 29, 2016.

      Plaintiff sought one extension of time to file a motion for default judgment, stating that all final motion papers would be ready on April 19, 2016. (See Docket No. 9). The Court granted plaintiff's request. To date, however, no such motion has been filed with the Court. Thus, no further action appears to have been taken in the approximately 60 days which have passed since entry of default against the defendants. This Court's staff has reached out to plaintiff's counsel and left messages on two separate occasions — April 27, 2016 and May 16, 2016 — in order to determine whether plaintiff intends to pursue the case. Counsel has failed to respond to the Court's inquiries.

      On May 27, 2016, this Court issued an Order directing plaintiff to either file all necessary

On May 27, 2016, this Court issued an Order directing plaintiff to either file all necessary motion papers or show cause in writing why this case should not be dismissed for failure to prosecute. Plaintiff was directed to comply with the Order by June 8, 2016. Plaintiff once again failed to meet this Court's deadlines. To date, in fact, plaintiff has failed to submit anything to apprise the Court of the status of this matter since plaintiff requested a certificate of default on March 16, 2016.

## DISCUSSION

Courts have the power, under Rule 41 of the Federal Rules of Civil Procedure, to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute. Simmons v. Abuzzo, 49 F.3d 83, 87 (2d Cir. 1995). A dismissal for failure to prosecute may be ordered sua sponte. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (noting that "[a]lthough the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute"); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). "Courts have repeatedly found that dismissal of an action is warranted when a litigant . . . fails to comply with legitimate court directives." Robinson v. Sposato, No. 13 CV 3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014). In considering whether to dismiss an action, courts in this district consider five factors:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result;

2

> 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). No one factor is dispositive in making this determination. See Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009).

Here, the Baffa factors weigh in favor of dismissal. The case has been pending for over seven months and aside from filing and serving the Complaint, nothing more has been done by plaintiff to advance the case through discovery or to move for a default based on the defendants' failure to Answer. The plaintiff has repeatedly failed to comply with this Court's Orders, despite several warnings from this Court that plaintiff's failure to comply would result in a recommendation that the case be dismissed for failure to prosecute.

Plaintiff's counsel has also ignored numerous phone calls and Orders from the Court, despite clear warnings that failure to communicate with the Court would result in dismissal of the action. In its Order of May 27, 2016, the Court explicitly stated that "unless plaintiff files a motion for default judgment, with all accompanying papers, by June 8, 2016, the Court will recommend that the case be dismissed for failure to prosecute." (5/27 Order[1] at 1-2). Plaintiff ignored this clear warning.

As of the date of this Report and Recommendation, plaintiff has failed to comply with this Court's most recent Order. Courts in this district have found dismissal warranted for far

---

[1] Citations to "5/27 Order" refer to the Order to Show Cause entered on May 27, 2016 and listed on the public docket as document number 10.

3

shorter periods of noncompliance. See, e.g., Robinson v. Sposato, 2014 WL 1699001, at *2 (finding that failure to file a necessary document within 30 days as required by a court order constituted sufficient delay to warrant dismissal). In light of the foregoing, the Court respectfully recommends that plaintiff's case be dismissed for failure to prosecute, unless plaintiff files a Stipulation of Settlement or a motion for default within 14 days.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 16, 2016

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

4